418 P.2d 571

**STATE** of Arizona, Appellee,

v.

**Roy Lee DODD, Appellant.**

No. 1635.

Supreme Court of Arizona.

In Banc.

Sept. 28, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Ronald H. Petica, Phoenix, for appellant.

McFARLAND, Justice:

Roy Lee Dodd, hereinafter referred to as defendant, was tried for robbery in violation of A.R.S. § 13–641. He was convicted by a jury of the crime of attempted robbery, at which time a prior conviction concerning narcotics was admitted. Defendant was sentenced for a period of ten to fifteen years in the State Prison, under authority of A.R.S. § 13–1649. From this conviction and sentence, defendant appeals.

Charles Gordon Fowler testified that about 1:30 a. m., January 15, 1964, defendant and his brother approached him in the office of the service station where he was employed. Defendant's brother held a gun while defendant ripped the keys to the cash box from Fowler's belt, and then proceeded to open the cash box which was located on the island near the gas pumps and several feet from the office where defendant and his brother first approached Fowler.

Fowler testified that while he did not see defendant actually remove any cash from the box, there was a ten-dollar bill missing after the incident.

The robbery was interrupted by the unexpected presence of a police car in the area, and both individuals ran from the

station. Defendant's brother, Ed Dodd, was apprehended in a field behind the service station shortly after the arrival of the police car. Defendant Roy Lee Dodd was arrested in Flagstaff, Arizona, three days after the attempted robbery had occurred.

At the trial the only exhibit admitted into evidence was a confession in the handwriting of defendant. Defendant testified that he had signed the confession for fear that the parole given him upon his narcotics conviction would be violated if he did not cooperate and confess. The court, in a voluntariness hearing, ruled the confession was prima facie voluntary.

Shortly before the trial Fowler identified another party, who was with the defense counsel, as the party who had robbed him. During the trial Fowler definitely identified defendant as the man who had accompanied Ed Dodd on the night of the crime.

■ Defendant testified that on the night of the crime he was at a party. On the second day of the trial defense counsel requested the judge to allow him to introduce testimony of alibi witnesses. Defendant contends that the court committed error in refusing to allow the alibi witnesses to testify. The court refused to allow their testimony because defendant had not given five days' notice of his intention to introduce alibi evidence as provided in Rule 192, 17 A.R.S., which reads as follows:

"B. If a defendant intends to offer testimony to establish an alibi, he shall file with the clerk and serve upon the county attorney, not less than five days prior to the trial, written notice of intention to claim such defense. The notice shall contain the names of the witnesses to be used in support thereof and specific information as to the place at which the defendant claims to have been at the time of the commission of the alleged offense. If a defendant fails to file the required notice, the court, in its discretion, may exclude evidence offered for the purpose of proving such defense."

Alibis are most convincing and easy to fabricate. The object of this rule is to prevent the presentation of alibi defenses without giving the state the opportunity to ascertain the facts as to the credibility of the witnesses or to obtain rebuttal testimony.

■ As we stated in State v. Goff, 99 Ariz. 79, 407 P.2d 55:

"The objective of criminal procedures is to establish rules by which the truth may be ascertained so as to determine the guilt or innocence of those suspected or charged with offenses. * * *" 99 Ariz. at 83, 407 P.2d at 57.

In State v. Thayer, 124 Ohio St. 1, 176 N.E. 656, 75 A.L.R. 48, the court, in passing upon the constitutionality of a similar statute, said:

"* * * This law pertains to a very important feature of the criminal law. It gives the state some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the state to ascertain any facts as to the credibility of the witnesses called by the accused, who may reside at some point far distant from the place of trial. Thayer was not denied the right to testify himself fully as to his whereabouts at the time covered by the indictment. To admit such testimony from other witnesses on the ground that it tends to contradict testimony offered by the state is simply an indirect way of nullifying the statute entirely. Manifestly any alibi testimony must, in the very nature of things, contradict the evidence offered by the state, for the obvious reason that if the accused was not in the county and state at the time named in the indictment, then he cannot be guilty as charged, excepting, of course, instances in which he has aided or abetted or induced another to commit the crime during his absence from the place of the crime." 176 N.E. at 657.

Defendant admitted in his testimony that he was questioned by police shortly after the attempted robbery, and had known since that time that the robbery and the party had occurred on the same night. His trial attorney, who was associated with the case for a substantial period of time before the trial, admits he was aware of the existence of the alleged alibi witnesses for two days before he requested the trial judge to admit such testimony.

The testimony further shows that the alibi which defendant was seeking to establish was that he was present at a party which was attended by the witnesses who were relatives and friends. Rule 192, subd. B, 17 * * * A.R.S., makes it discretionary with the court as to whether such testimony should be denied where notice is not given in compliance with the rule. Defendant certainly knew of this evidence, and knowledge of it could have been ascertained by his attorney in time to give the five days' notice. Certainly it was his duty to have asked permission of the court to call the witnesses at the time he admits he had knowledge of them, which was two days before the request was actually made. The question then is whether the court abused its discretion in denying the evidence.

We have not previously passed upon the rule in regard to alibi evidence; however, this court has spoken in regard to Section A of the rule which provides that if a defendant proposes to show that he was insane or mentally defective at the time of the alleged commission of the offense charged, he shall not later than four days before the trial file with the clerk and serve upon the county attorney a written notice of such intention. In the event he fails to do so the court may permit such evidence to be introduced when good cause for the failure to file and serve the notice is shown.

We have held that where no timely notice of intention to plead insanity is made under Rule 192, A.R.S., it is within the sound discretion of the trial court to de-

cide whether evidence touching upon this defense will be allowed. State v. Alford, 98 Ariz. 249, 403 P.2d 806; State v. Reid, 87 Ariz. 123, 348 P.2d 731. Where the admissibility of testimony is within the discretion of the trial court, its ruling will not be set aside absent a showing of a clear abuse of discretion. State v. Head, 91 Ariz. 246, 371 P.2d 599; State v. Dominguez, 87 Ariz. 149, 348 P.2d 919; Hadley v. State, 25 Ariz. 23, 212 P. 458. Because of defendant's failure to attempt compliance with the notice rule, we find no abuse of discretion in the instant case. Any decision to the contrary would render the force of 17 A.R.S. § 192, subd. B nugatory.

Defendant also contends that Rule 192, subd. B is unconstitutional, in that it violates Article 2, Section 24, of the Constitution of the State of Arizona, A.R.S., which provides that "In criminal prosecutions, the accused shall have the right * * * to have compulsory process to compel the attendance of witnesses in his own behalf * * *."

Rule 192, subd. B does not prevent defendant from compelling attendance of witnesses, but merely provides the conditions under which alibi witnesses may testify. These conditions do not violate the constitutional rights of a defendant. People v. Schade, 161 Misc. 212, 292 N.Y.S. 612; and State v. Thayer, supra.

The next question presented by defendant is that he should not have been sentenced under provisions of A.R.S. § 13–1649 in that his prior conviction was for illegal sale of narcotics, and he was convicted in the instant case for attempted robbery; that his sentence could not have been increased under A.R.S. § 13–1649 which provides for increased punishment for subsequent convictions unless the conviction were for violation of the narcotics statute. He does not cite any precedent supporting this position. A.R.S. § 13–1649 provides, in part:

"A. A person who, having been previously convicted for petty theft, * * or for any offense punishable by im-

prisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

"1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years."

The information charged defendant with a prior conviction of the offense "of illegal sale of narcotic drug, a felony." Counsel for defendant stipulated to the prior conviction. Counsel now contends that A.R.S. § 13–1649 does not apply for the reason that A.R.S. § 36–1002 provides for an increased punishment for second convictions in narcotics felony offenses. This section does not affect A.R.S. § 13–1649. Defendant's stipulation of his previous offense of illegal sale of marijuana brings it within the provision of A.R.S. § 13–1649, "*any* offense punishable by imprisonment in the state prison." (Emphasis added.) We have previously held the statute applicable where an offense was different from that for which defendant was previously convicted. State v. Robison, 99 Ariz. 241, 408 P.2d 29; State v. Smith, 99 Ariz. 106, 407 P.2d 74; State v. Meyers, 59 Ariz. 200, 125 P.2d 441.

A more serious question presented is whether or not the trial court made a definite finding as to the voluntariness of the confession before allowing this confession to be submitted into evidence before the jury. In State v. Owen, 96 Ariz. 274, 394 P.2d 206, this court, in following the procedures outlined in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, .held that before a confession may be admitted into evidence there has to be a separate hearing before a judge who gives a definite ruling that the confession in question was voluntary. The ruling in the instant case does not meet the standards established by this court as to definiteness.

The court's ruling merely stated that it was found *prima facie* that the accused had been warned of his *self-incrimination privilege and his right to counsel.* He does not find that the confession was voluntary. In State v. Griffin, 99 Ariz. 43, 406 P.2d 397, this court held that a ruling that there was a prima facie showing of voluntariness was an insufficient ruling. The law requires a definite determination of voluntariness, and for the reasons above stated, no reasonable construction of the judge's ruling will meet this standard.

In the case of State v. Simoneau, 98 Ariz. 2, 401 P.2d 404, we have since held that each case must stand on its own facts as to whether it should be remanded to the trial court for a limited hearing to determine whether a confession is voluntary or whether a new trial should be granted. State v. Simoneau, supra; State v. Tannahill, 100 Ariz. 59, 411 P.2d 166.

Under the record in the instant case, we hold that justice will be better served by remanding the cause to the Superior Court of Maricopa County for the purpose of a hearing to determine whether the confession was voluntary.

The case shall therefore be so remanded to the lower court. If the court finds defendant's confession to be voluntary, and so rules, it will cause a certified copy of its minute entry to be submitted to the clerk of this court, and if no objection to the ruling is presented to this court within fifteen (15) days, an order will be entered affirming the conviction. If the court below should find the confession involuntary, it is directed to enter an order granting defendant a new trial.

Case remanded.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.