STATE OF NEBRASKA, APPELLEE, v. DONALD GEORGE ELROY McDONALD, APPELLANT.

194 N. W. 2d 183

Filed January 28, 1972. No. 38099.

Brock & Seiler, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant McDonald was found guilty by a jury of the crime of burglary and was sentenced by the court to 3 to 5 years imprisonment. The principal issue on appeal involves the admissibility of an in-custody statement obtained from the defendant.

The evidence implicated the defendant and another individual named Barada. While the defendant was in custody prior to trial, he was interviewed by the county attorney in the presence of a court reporter. The complete constitutional rights warnings were given to the defendant and he waived those rights. In response to preliminary questions, he stated that he "didn't do it." After some discussion of other indirectly related matters, the questioning was brought back to the particular burglary involved. After a couple of questions and an-

swers involving Barada's connection with the premises burglarized, the following dialogue occurred: "(Def.) Can we go off the record for a minute? (Co. Atty.) Well, I can't go off the record once we start but you may go ahead. (Def.) Well, I want to ask you this question: What are you going to do with me on this if I tell you the whole thing. It will implicate me. It is a fringe deal and it's like that dope deal. (Co. Atty.) Well, nothing happened to you on the dope deal, is that right? (Def.) Well, I am not asking you to make a deal or anything. I wanted your line of thinking because I did have hold of some of the stuff that he did get. (Co. Atty.) Some of the cash? (Def.) Well, the cash, no. (Co. Atty.) Well, tell me everything you know. * * *." The remainder of the statement accused Barada of the burglary but conceded that the defendant knew Barada was committing a burglary and that defendant received some of the proceeds.

During the trial, at a hearing outside the presence of the jury, the court reporter testified as to the statement taken from the defendant. The court reporter also testified that he had previously taken statements of the defendant about his activities in selling "dope" and the court reporter did not know of any charges brought against the defendant relating to those statements. Objections were made to the admission of the defendant's statement here on the ground that the statement was inadmissible because it was made as a result of an implied promise or inducement and therefore involuntary. The court overruled the objections but made no specific finding of any kind. The statement was thereafter introduced and read in full to the jury.

Under the procedures required by Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908, the court must first make a judicial determination as to the voluntariness of a statement or confession by the defendant before permitting the jury to hear the alleged statement or confession. The trial court's finding that an

in-custody statement of an accused is voluntary must appear from the record with unmistakable clarity. Sims v. Georgia, 385 U. S. 538, 87 S. Ct. 639, 17 L. Ed. 2d 593; State v. Holland, 183 Neb. 485, 161 N. W. 2d 862.

"To be admissible, a confession must be free and voluntary; that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." Brady v. United States, 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). See, also, State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66.

Where the question of the voluntariness of an oral or written confession is in issue, the court must properly instruct as to what constitutes a voluntary confession, whether requested or not. It is the duty of the court not only to instruct as to what constitutes a voluntary confession, but also to instruct the jury to disregard the alleged confession if found to be involuntary. State v. Breaker, 178 Neb. 887, 136 N. W. 2d 161.

Here the court instructed with respect to the required constitutional warnings and with respect to knowing and intelligent waiver of constitutional rights by giving N J I No. 14.52A. N J I No. 14.52 instructs as to when admissions or confessions may be considered as evidence of guilt and it also outlines the required findings the jury must make with respect to statements procured or induced by promises directly or indirectly made by persons in authority. That instruction was omitted. No similar or related instruction was given. The failure of the trial court to give this instruction amounted to a withdrawal of the issue of voluntariness from the jury's consideration and requires reversal. State v. Breaker, *supra.*

Since this case must be retried and the issues of inducements and promises and the voluntariness of statements be submitted to the court and jury, we point out that law enforcement officers should make sure that no promises are made which offer the defendant a benefit

or advantage which is dependent upon the defendant making or executing the statement or confession sought. County attorneys in particular should make certain that their position is unequivocal and forthright. We recognize the inherent problems in reconstructing factual situations in many cases and the obvious tendency of some witnesses to have convenient memories. In this case however, the facts as to what occurred at the time of taking the defendant's statement are not in dispute.

The defendant also asserts that the $450 attorney's fee allowed here was not reasonable. The complaint is that the court failed to allow a minimum hourly rate for the total number of hours spent, and that the established pattern for criminal cases in the district allows $150 per day for jury trial, with no allowance for preparation or other necessary time. The fee allowed was apparently based upon 3 days of jury trial.

The statute specifically provides that the fees for services performed in criminal cases shall be "reasonable fees." § 29-1803.03, R. S. Supp., 1969. A reasonable attorney's fee ordinarily rests in the sound discretion of the court. Many elements enter into the determination of the amount of such a fee. The time element in such cases is not ordinarily measured by the time actually spent, but by the time reasonably and necessarily required in the performance of the duties. See, Jensen v. State, 184 Neb. 802, 172 N. W. 2d 607; Fotinos v. Fotinos, 184 Neb. 486, 168 N. W. 2d 698. It may be entirely proper to have a guideline standard daily schedule of fees for trial time. Nevertheless, it is not proper to allow an attorney's fee in criminal cases only for time spent in trial, and refuse to make any allowance for time or services reasonably and necessarily required and performed prior to trial.

The bare bones of the present record establish only that the attorney's fee was insufficient because of the refusal to allow any amount for services prior to trial. It does not furnish adequate evidence upon which to

redetermine a reasonable attorney's fee. The judgment of the district court fixing the attorney's fee for the original trial is vacated. Upon remand, the district court is directed to redetermine the amount of a reasonable attorney's fee herein in accordance with this opinion and make such allowance.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.