501 P.2d 387

The STATE of Arizona, Appellee,

v.

Daniel Louis GREGORY, Appellant.

No. 2321

Supreme Court of Arizona,
In Banc.

Sept. 26, 1972.

**446**

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from jury verdicts and judgments of guilt to the crimes of robbery, §§ 13–641 and 13–643 A.R.S., and assault with a deadly weapon, § 13–249 A.R.S., with concurrent sentences of not less than 10 nor more than 12 years as to each offense.

We are called upon to answer the following questions:

1. Was the evidence sufficient to sustain a conviction for assault with a deadly weapon where the testimony does not indicate that the gun was loaded?

2. Was it error for the trial court to deny the defendant's motion for a mistrial because of misconduct of the prosecuting attorney in oral argument to the jury?

3. Was the defendant subject to double punishment in violation of § 13–1641 A.R.S. when he was convicted of both assault with a deadly weapon and robbery?

The facts necessary for a determination of this matter on appeal are as follows. Defendant entered a Circle K convenience market in Phoenix, Arizona, at approximately 4:00 p. m. on 4 January 1970. The manager of the market, Mrs. Florence Robida, was in the store with her husband, Mr. Ramon Robida. The defendant held a gun on the husband and ordered Mrs. Robida to put the money from the cash drawer in a sack which she did. After obtaining the sack with the money, the defendant directed the husband to the check-out stand and made both Mr. and Mrs. Robida lie face down on the floor. The defendant then left.

At the trial before a jury, two thirteen year old patrons, as well as Mr. and Mrs. Robida, identified the defendant as the one who robbed the market.

The defense was alibi and as part of the alibi testimony, the defendant's attorney called the mother of the defendant who testified that the defendant was home for

dinner on the day in question and that she remembered it because it was the day her daughter became engaged. On cross-examination, she admitted that she had made a notation on the calendar and this was admitted into evidence. The defendant did not testify.

The jury did not accept the alibi defense and returned verdicts of guilty as to both charges.

## MUST THE GUN BE LOADED?

It is the contention of the defendant that before a gun may be a deadly weapon it must be loaded, and that a person may not be convicted of assault with a deadly weapon unless the State shows that the gun was loaded at the time.

This court held under the kidnapping statute wherein the statute reads, " * * * a crime as prescribed by the terms of subsections A and B, committed by a person armed with a gun or deadly weapon * * *" that:

"* * * Section D of § 13–491 does not provide that the kidnapping be by a person armed with a loaded gun. It merely requires that the act be committed 'by a person armed with a gun.' So the question of whether the gun was loaded is not involved in the instant case." State v. Mitchell, 106 Ariz. 492, 497, 478 P.2d 517, 522 (1970).

The statutory definition of assault, however, requires "present ability". § 13–241, subsec. A, A.R.S. reads as follows:

"An assault is an unlawful attempt, coupled with a present ability, to commit a physical injury on the person of another."

In the instant case the evidence indicates that the defendant ran out of the store with the gun. The gun was never found and the defendant was not arrested until some months after the robbery. At the trial the defendant did not take the stand on his own behalf and no testimony was introduced which would indicate the gun was not in fact loaded.

In Territory v. Gomez, 14 Ariz. 139, 125 P. 702, 42 L.R.A.,N.S., 975 (1912), the Arizona Supreme Court held the trial court erred in directing a verdict of acquittal because of the failure of the State to show that the gun used in an alleged assault with a deadly weapon was loaded. Justice Franklin stated:

" 'Although there is a division of views in the decided cases, we think that the better opinion is that, if a firearm is the alleged deadly weapon—a weapon the only ordinary use of which is by its being loaded—if it be pointed at the complainant in a threatening manner, if defendant makes threats to shoot, if the circumstances are such as would exist if one were using a loaded gun—in short, that if all the elements of the offense be made out, as required by the criminal laws and procedure, except the direct, we may say visual, proof that the weapon is loaded—under these circumstances, a direction to the jury to acquit is error, and the fact that the gun was unloaded (if such be the fact) is a matter of defense. Such view seems to be held by the weight of authority, and such is the only practical view in the enforcement of the statute in reference to assaults with deadly weapons of this character'." Territory v. Gomez, supra, 14 Ariz. at 142, 125 P. at 703.

And we later stated:

"* * * In disposing of assignment No. 5 relative to whether an unloaded pistol constitutes a deadly weapon in a charge of 'an assault with a deadly weapon' we will merely state that thus far this court has not overruled or modified the doctrine relating thereto as set forth in Territory v. Gomez, 14 Ariz. 139, 125 P. 702, 42 L.R.A.,N.S., 975, which is to the effect that under the circumstances of this case the burden is upon the defendant to prove that the gun was not loaded. * * *" State v. Aldrich, 75 Ariz. 53, 61, 251 P.2d 653, 658 (1952).

448

■ Where the victim is close enough that the pistol or gun may be used as a bludgeon it is immaterial whether the gun was loaded or not for the gun can be used as a dangerous weapon with "present ability to commit a physical injury" without it being loaded. Where the victim is not that close, however, the law in Arizona remains unchanged. The defendant must affirmatively prove that the gun was not in fact loaded. Certainly the victim had every right to believe and to presume the gun was loaded and so does the State. We agree with the Texas court:

"When a pistol is used in an assault but not used or attempted to be used as a bludgeon, the presumption is that it was loaded, in the absence of proof to the contrary. Under these circumstances, it is a deadly weapon. (Citations omitted)." Ogren v. State, 447 S.W.2d 682, 683 (1969).

And:

"In the instant case defendant, according to the State's witnesses, placed a .38 caliber revolver against Smith's chest and threatened to kill him. The ordinary victim in such a predicament would instantly be placed in fear of bodily harm or death, and this reaction would be 'well founded' whether the gun was loaded or not. Thus, based upon all of the above, we hold that defendant's first contention lacks merit." State v. Drayton, 114 N.J.Super. 490, 277 A.2d 398, 400 (1971). State v. McGhee, 184 Neb. 352, 167 N.W.2d 765 (1969). But see also United States v. Davis, 429 F.2d 552 (8th Cir. 1970) and Annotation, 79 A.L. R.2d 1412.

■ We therefore hold that under the circumstances in this case, there being a presumption that the gun was loaded which the defendant failed to rebut by any evidence whatsoever, the verdict and judgment of guilt as to the crime of assault with a deadly weapon were proper.

IMPROPER CONDUCT OF THE PROSECUTING ATTORNEY

In closing argument discussing the alibi testimony, the defense counsel stated:

"Now, we come to the witnesses that the Defendant presented. And mind you, ladies and gentlemen of the Jury, I didn't talk to these witnesses, the County Attorney did, because I gave him the names of these witnesses that were going to testify. And his investigator talked to them. I didn't know what they were going to say. I didn't know that Mrs. Whobrey had this—this calendar. * * *"

The attorney for the State stated in response:

"* * * And pay particular attention to something Counsel said to you in his argument, and remember this, that he didn't know what the witnesses were going to say. He's defending this man on serious charges, but he put these people up without talking to them. Ask yourself a question. A man defending another man, bring on witnesses—"

At this point the defense counsel objected and moved for a mistrial and the attorney for the State went on:

"Just remember the logic of that. Defending a man and not bothering to talk to the witnesses before he puts them on? The State submits don't buy it."

■ It is true that improper comments by the State's attorney can result in a mistrial and we agree that abuse of opposing counsel unwarranted by the evidence is not within the scope of proper argument and if carried too far may result in the granting of a new trial or reversal, but as we have stated:

"In the closing argument, excessive and emotional language is the bread and butter weapon of counsel's forensic arsenal, limited by the principle that attorneys are not permitted to introduce or comment upon evidence which has not pre-

viously been offered and placed before the jury." State v. Gonzales, 105 Ariz. 434, 436, 466 P.2d 388, 391 (1970).

 It has long been the rule in Arizona that counsel for both sides have considerable latitude in their arguments to the jury, State v. Narten, 99 Ariz. 116, 407 P. 2d 81, cert. den., 384 U.S. 1008, 86 S.Ct. 1985, 16 L.Ed.2d 1021 (1965), and that the granting or denial of the mistrial based upon such remarks is usually within the sound discretion of the trial court. State v. Woolery, 93 Ariz. 76, 378 P.2d 751 (1963). We do not believe that the remarks of the prosecuting attorney were as inflammatory or derogatory as the defendant contends and we find no error.

### DOUBLE PUNISHMENT

Our statute provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." § 13–1641 A.R.S.

■ In this case we have a robbery and after the robbery was complete, the two victims were made to lie on the floor while the gun was pointed at them. This was after the robbery had been completed. We have stated:

"* * * We do not by this opinion hold that there cannot be fact situations wherein a person may be convicted of both assault and 1st degree rape. That determination must be made on a case to case basis. * * *" State v. Mendoza, 107 Ariz. 51, 56, 481 P.2d 844, 849 (1971).

In the instant case there were two separate assaults only one of which was merged into the robbery offense. See also State v. Rhymes, 107 Ariz. 12, 480 P.2d 662 (1971).

We believe that the defendant was properly convicted, adjudged guilty, and sentenced as to both robbery and assault with a deadly weapon.

Judgments affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.