STATE OF NORTH CAROLINA v. JOHN ROGERS, JR.

No. 7420SC584

(Filed 2 October 1974)

1. Criminal Law § 75— right to counsel — question by defendant's mother

Question by the sixteen year old defendant's mother as to whether she could get a lawyer for defendant did not constitute a request that interrogation cease until an attorney was present; furthermore, any statement made by defendant's mother with respect to obtaining counsel was made after defendant had confessed and could not affect the admissibility of the confession.

2. Criminal Law § 75— confession — inducements — findings of fact

The evidence supported the trial court's determination that officers did not tell defendant what sentence he might receive if he signed a confession as opposed to the sentence he might receive if he did not sign the confession.

3. Burglary and Unlawful Breakings § 5— breaking or entering — intent to steal — ownership of property

In a prosecution for breaking or entering with intent to steal, there was no fatal variance where the indictment alleged an intent to steal a minibike owned by a corporation and the evidence showed that the minibike was owned by an individual since ownership of the property is immaterial.

4. Criminal Law § 86— cross-examination of defendant — waiver of rights — confession

The trial court did not err in permitting the State to cross-examine defendant concerning portions of a waiver of rights and a confession signed by defendant.

5. Larceny § 8— property not owned as alleged — references in instructions

In a prosecution for larceny of a minibike and currency from a corporation wherein the evidence showed the minibike did not belong to the corporation, defendant was not prejudiced by the court's refer-

ences to the minibike in recapitulating the evidence where the court instructed the jury that the evidence showed the minibike did not belong to the corporation and that the jury should not consider it in reference to whether the crime of larceny had been committed.

6. **Criminal Law § 113— charge on alibi — necessity for request**
    The trial court is not required to give an instruction on alibi absent a request therefor.

APPEAL by defendant from *Winner, Judge,* 18 March 1974 Session of Superior Court held in UNION County. Heard in the Court of Appeals 4 September 1974.

This is a criminal action wherein the defendant, John Rogers, Jr., and Larry McClendon were charged in a bill of indictment, proper in form, with felonious breaking or entering into a building occupied by Thomas Gas Company, a corporation, with intent to steal and with committing a felonious larceny therein by stealing currency and a minibike. Following presentation of the evidence, the jury returned a verdict of guilty, and the trial judge imposed a sentence of not less than four years nor more than seven years. Defendant appealed.

The State's evidence tended to show that following his arrest for the offenses charged Larry McClendon made statements inculpating the defendant; that defendant was brought to the Union County Sheriff's office by his mother for questioning; that defendant was advised of his constitutional rights and then voluntarily and understandingly signed a written waiver of his right to counsel and that after being told of the incriminating statements by McClendon, the defendant voluntarily and knowingly signed a written confession to the offenses charged.

Defendant's evidence tended to show that he was only 16 years of age at the time; that officers refused to talk with him at all until after he signed a waiver of his right to counsel; that after being told that McClendon had made statements inculpating him, defendant denied any involvement in the offenses charged, but that he finally signed a written confession after two hours of interrogation and after being told the sentence he might receive if he signed a statement prepared by them as opposed to the sentence he might receive if he did not sign the statement. Additional facts necessary for decision are set out in the opinion.

*Attorney General Carson, by Assistant Attorney General Briley, for the State.*

*Robert L. Huffman for defendant appellant.*

MORRIS, Judge.

Defendant contends that the trial court erred in its finding of facts and conclusions of law at the close of voir dire examination and in denying the defendant's objections thereto. After hearing the evidence in the absence of the jury, the trial judge made findings that the defendant was properly warned of his constitutional rights as required by the *Miranda* decision, "that the defendant understood his rights and that he voluntarily and understandingly waived his rights before making the alleged statement; that at no time did his mother say anything in the conference about obtaining him a lawyer prior to the time the statement was made; that at no time prior to the time the statement was made was any promise or threat made to the defendant; and that the statement was freely, understandingly and voluntarily made." On the basis of these findings the trial judge concluded as a matter of law that the statement was admissible in the trial of this action.

[1] Defendant's first argument with respect to this assignment of error is that his mother's statement to the interrogating officers concerning obtaining an attorney for him was a request that the interrogation cease and the failure to cease the interrogation constituted a denial of his constitutional right to counsel. We find defendant's argument unpersuasive.

As the record clearly shows, all the defendant's mother did was ask if she could get him a lawyer. She did not say she was going to retain an attorney to represent her son nor did she instruct the officer to stop the interrogation until an attorney was present.

Under similar circumstances the United States Supreme Court in *Frazier v. Cupp.*, 394 U.S. 731, 22 L.Ed. 2d 684, 89 S.Ct. 1420 (1969), could find no denial of the right to counsel. Even if his mother had standing to insist upon or waive defendant's right to counsel, which we do not concede, as in *Frazier* this was but a "passing comment". In any event, the court found that no statement with respect to obtaining counsel was made by defendant's mother prior to defendant's giving a statement. There was sufficient competent evidence to support this find-

ing, and it is binding on appeal. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971).

[2] The defendant next argues that his confession of guilt was not made voluntarily in that he only agreed to sign the statement after officers told him what sentence he might receive if he signed the statement prepared by them as opposed to the sentence he might receive if he did not sign the statement. We also conclude that this argument is without merit.

It is well settled in this State that when an officer induces a confession from a suspect by use of hope or fear, such statement is considered involuntary in law and inadmissible into evidence. *State v. Biggs,* 224 N.C. 23, 29 S.E. 2d 121 (1944). Here, however, there is conflicting evidence with regard to whether any promise or threat was made to the defendant prior to the time he signed the confession. The officer, who questioned the defendant, denies such a threat or expression of hope was made. Such a conflict in the testimony on voir dire raises a question of credibility, which is for the determination of the trial court, and its findings of fact supported by competent evidence are conclusive. *State v. Blackmon, supra.* We find ample evidence in the record to support the trial judge's findings.

Defendant next contends that the trial court erred in overruling defendant's objections to questions asked of, and the denying of, defendant's motions to strike answers of Officer Mayberry relating to his conference with and statements made to him by the defendant. Defendant's sole basis for objection was that the statement confessing guilt was not voluntarily made. As we have concluded that the findings of the trial judge with regard to the voluntariness of the confession are supported by competent evidence and conclusive on appeal, this assignment of error is overruled.

[3] It also is asserted that the trial court erred in denying defendant's motion to quash the bill of indictment and dismiss that count of the bill of indictment charging defendant with larceny of a minibike because of fatal variance between allegation and proof. In the indictment McClendon and the defendant were charged with larceny of "one Nova-super Sport minibike and approximately six (6) dollars in money . . . of the said Thomas Gas Company". It later developed that the minibike

was not the property of said corporation, but rather was owned by one Marshall Pete Edwards. We again find no error.

As we pointed out in *State v. Crawford*, 3 N.C. App. 337, 164 S.E. 2d 625 (1968), cert. denied 275 N.C. 138 (1968), it is not incumbent upon the State to establish the ownership of the property which the defendant *intended* to steal, the particular ownership being immaterial. Therefore, the fact the bill of indictment alleges "intent to steal, take and carry away the merchandise, chattels, money, valuable securities and other personal property of the said Thomas Gas Company . . . " when the stolen property actually belonged to Edwards, is not fatal. Furthermore, it is significant that in his charge the trial judge, instructed the jury to disregard evidence of the larceny of the minibike. Based on the foregoing authority, the court was correct in not allowing the defendant's motion to quash the bill of indictment.

[4]   Defendant next maintains that the court erred in overruling defendant's objections to the State's questions concerning specific portions of the "waiver of rights" and defendant's statement, and the denying of defendant's motions to strike his answers to said questions. The defendant contends this line of questioning constituted harassment and went beyond the limits of legitimate cross-examination since they were purely repetitious.

It has long been the law in North Carolina that "[t]he limits of legitimate cross-examination are largely within the discretion of the trial judge and his ruling thereon will not be held for error in the absence of showing that the verdict was improperly influenced thereby." *State v. McPherson*, 276 N.C. 482, 172 S.E. 2d 50 (1970), [The Court quoting with approval from *State v. Edwards*, 228 N.C. 153, 44 S.E. 2d 725]. Defendant has shown no abuse of discretion and our review of the record discloses none. We conclude that this line of questioning was not improper or prejudicial.

Defendant also contends the trial court erred in denying his motion to dismiss at the close of all the evidence. There was ample evidence for the State to justify submission of the case to the jury. We are of the opinion, and so hold, that the trial court correctly overruled defendant's motion for dismissal.

[5]   In his final assignment of error defendant asserts that the trial court erred in charging the jury. Defendant first argues

it was prejudicial error for the court repeatedly to refer to the minibike in recapitulating the evidence on the larceny count since the State's evidence showed the Thomas Gas Company did not own the minibike as alleged in the indictment. We find no merit in this contention. As defendant admits, in its charge the trial court instructed the jury that "all the evidence shows that the minibike did not belong to that company and, therefore, you are not to consider that in reference to whether this crime was committed." In light of this statement, and in view of the relevancy of the evidence, we find defendant was not prejudiced by the mention of the minibike in the charge. It is well settled in this State that the trial court's charge must be read as a whole. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970). When considered contextually, this charge was not improper.

[6] Defendant next argues that the trial court committed error in failing to charge on alibi. Defendant did not request such a charge but contends he was entitled to the instruction because G.S. 1-180 requires the trial judge to charge the jury on all substantial features of the case arising on the evidence without special request therefor. We again find defendant's argument unpersuasive in light of the recent case of *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513 (1973). There the North Carolina Supreme Court held that "the court *is not required* to give such an instruction unless it is requested by the defendant". In overturning prior decisions affording the defendant an instruction on alibi when there was evidence to support it notwithstanding his failure to request it, Chief Justice Bobbitt noted that the weight of authority supports the principle that "[i]n the absence of a requested instruction, there is no duty upon the trial court to instruct specifically upon the subject of alibi." Accordingly, defendant's final assignment of error is overruled.

No error.

Chief Judge BROCK and Judge MARTIN concur.