THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES EDWARD MOORE, Defendant-Appellant.

(No. 73-164;

Second District—January 24, 1975.

Ralph Ruebner and Mary McCormick, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, James Edward Moore, was indicted for the offense of armed robbery alleged to have occurred at O'Donnell's Foods in Rockford on May 24, 1971. Defendant was convicted after a jury trial and sentenced to 3-9 years in the penitentiary. He appeals, contending that the court erred in denying his motion to suppress a written confession and that he was not proved guilty beyond a reasonable doubt.

It appears from the transcript of the pretrial motion to suppress that defendant was arrested on July 3, 1971, while attempting a burglary of the St. Mary's Social Club in Rockford. He was taken to the police station on the same date and after being advised of his constitutional rights defendant gave a written statement confessing to the attempted burglary of the St. Mary's Club. He also confessed to being involved in certain other burglaries in the Rockford area after being told by Officer Johnson of the Rockford police that he would not be prosecuted for any burglaries to which he confessed at that time.

Johnson testified that during the morning of July 5, 1971, he again saw the defendant and discussed a further unsolved burglary, but that defendant told him that he was not involved in any burglaries other than those to which he had previously confessed. The witness stated that he mentioned the armed robbery here involved, but the defendant said that he did not commit it.

In the afternoon of July 5, Johnson again saw the defendant and secured his agreement to a line-up. The officer testified that defendant asked why he was to be in a line-up and that he told him that he had been tentatively identified as the robber of O'Donnell's Foods. After being advised of his rights, defendant orally admitted the O'Donnell armed robbery. And after returning from the line-up defendant gave

his written confession to the armed robbery and also to another robbery not here involved.

On cross-examination Officer Johnson was asked to relate his exact words to defendant when he questioned him on the morning of July 5:

"Q * * * but when you started talking about O'Donnell's and armed robberies, did you at that time tell him that you were no longer just clearing your books?

A At that time he was told to clear everything he was involved in. I don't remember how I asked him, I asked him whether there were any robberies or any burglaries he was involved in to get them cleared up. He said there was nothing else he was involved in, so I didn't talk to him any further."

Defendant's testimony at the combined pretrial hearing on the motion to suppress his confession and to suppress the line-up identification did not refer to any conversation between defendant and Officer Johnson. At trial, however, defendant testified that Johnson told him on July 5 when he asked defendant about the O'Donnell robbery that it would not be held against him if he helped "clear the books"; that he denied participation in this robbery at that time; and that after he was told on the afternoon of July 5 that he had been picked out as the robber he signed a confession; but that it was entirely false and detailed from what he had read in the newspapers. In his trial testimony, Officer Johnson testified substantially as he had at the pretrial hearing. He denied that he had stated to defendant that he wanted to clear up anything but other burglaries when he spoke to him on July 5. He categorically denied that he had promised defendant immunity for the armed robbery.

It is, of course, clear that the State has no right to extort confessions by a promise of reward or leniency (*People v. Martorano* (1935), 359 Ill. 258, 265); and the admission of a statement unconstitutionally obtained is reversible error whether or not independent evidence exists to support the judgment of conviction. *Lynum v. Illinois* (1963), 372 U.S. 528, 537-38, 9 L.Ed.2d 922, 928, 83 S.Ct. 917.

Defendant argues that the record shows that his confession was extorted by a promise that he would not be prosecuted for either robberies or burglaries he confessed to other than the one involving the St. Mary's Social Club, and that his confession to this armed robbery was therefore inadmissible in this case.

The State argues that the testimony of Officer Johnson taken in its entirety does not amount to an offer of immunity as to the O'Donnell armed robbery; that at best the offer to "clear the books" made by Johnson at the July 5 interrogation in the morning was not accompanied by an offer of immunity as to the armed robbery charge and did not amount

to a promise of leniency sufficient to render the confession invalid. We agree. In the ruling on the suppression motion, the trial court could properly have concluded from the testimony of Johnson and the circumstances that defendant was not offered immunity in exchange for his confession to the O'Donnell armed robbery, and could well have concluded that defendant's testimony that the officer specifically offered immunity for an armed robbery after previously securing a confession to a lesser offense of attempted burglary and while the authorities were in the course of investigating an armed robbery was incredible. (See *State v. Hunter* (Mo. 1970), 456 S.W.2d 314.) It appears more likely, as the State contends, that the confession of this armed robbery was voluntarily made after defendant was confronted with the fact that he had been tentatively identified by eyewitnesses and not because of any promise or understanding that he would receive immunity. *People v. Joe* (1964), 31 Ill.2d 220, 225; see also *People v. Hartgraves* (1964), 31 Ill.2d 375, 381.

■■■ A finding that a confession is voluntary after a full hearing on a motion to suppress will not be disturbed unless it can be judged to be contrary to the manifest weight of the evidence. (*People v. Daily* (1968), 41 Ill.2d 116; *People v. Ackerson* (1967), 37 Ill.2d 117, 121.) The court is not required to be convinced beyond a reasonable doubt of its voluntary character in ruling on a preliminary question of the admissibility of a confession. It was not error to admit the confession here. *People v. Daily* (1968), 41 Ill.2d 116, 119; *People v. Weger* (1962), 25 Ill.2d 370, 373-4.

Defendant's further claim that he was not proven guilty beyond a reasonable doubt is not persuasive on the record before us. In addition to the confession which is considered evidence of a convincing character (see *People v. Green* (1959), 17 Ill.2d 35, 41), there was credible eye witness testimony. Against this, defendant produced no witnesses other than himself to testify to his whereabouts at the time of the O'Donnell armed robbery in support of his defense of alibi.

For the reasons stated we, therefore, affirm the judgment below.

Affirmed.

T. MORAN and RECHENMACHER, JJ., concur.