WALDEN, Judge.
Defendant was adjudicated a delinquent on charges of breaking and entering, and was committed to the State Division of Youth Services. The trial court denied defendant’s motion to suppress his confession, and the juvenile appeals that denial. We agree with his contentions and reverse on the basis of testimony given at the suppression hearing by the arresting officer and the juvenile.
We do not consider defendant’s contention that the officer promised him he could go home if he confessed, as the officer denies such a promise; however it is undisputed that the officer promised that the juvenile would not be charged with other offenses if he confessed:
“I told [M] like I told him many times in the past; that if he helped me, I would help him; that if he knew what I was talking about, he wouldn’t be charged with X amount of cases. The same little game that [M] and I have played in the past.”
The juvenile verified this:
“Q Did Officer Hurt discuss any other case with you?
“A Yes.
“Q Did he make any promises or tell you it would benefit you in any way concerning these other cases ?
“A Yes.
“Q What did you say exactly if you recall?
“A Exactly, I don’t know, but he told me there probably wouldn’t be charges brought — ‘all I want to do is clear up the paper work’.”
It is basic that a confession, to be admissible, must
“not be extracted by any sort of threat or violence, nor be obtained by any direct or implied promise, however slight, or by the exertion of any improper influence.” 13 Fla.Jur. Evidence § 248 (1957) (Emphasis added.)
A confessing defendant should be free from the influence of either hope or fear, and the confession should be excluded if the attending circumstances were calculated to delude the defendant or exert undue influence over him. Frazier v. State, 107 So.2d 16 (Fla.1958); Harrison v. State, 152 Fla. 86, 12 So.2d 307 (Fla.1943); State v. Chorpenning, 294 So.2d 54 (2d D.C.A.Fla.1974); Paulk v. State, 211 So.2d 591 (2d D.C.A.Fla.1968); Kraft v. State, 143 So.2d 863 (2d D.C.A.Fla.1962), and Hooper v. State, 115 So.2d 769 (3d D.C.A.Fla.1959). In Lawton v. State, 152 Fla. 821, *401 13 So.2d 211 (Fla.1943) a confession was held involuntary when the defendant confessed based on the understanding he would not be prosecuted.
There is no question but that the officer here made like promises to the 14 year old defendant in return for the confession. Although defendant’s age does not automatically render the confession invalid, we have noted that minority is a factor to be considered in determining'volun-tariness, see 87 A.L.R.2d 624 (1963).
The fact this defendant received his Miranda warnings, see Hallihan v. State, 226 So.2d 412 (1st D.C.A.Fla.1969), does not vitiate the error committed when promises were made for a confession. Since confessions (unlike pleas) can not be bargained for, the instant confession must be suppressed.
Reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
OWEN, C. J., and KAPNER, LEWIS, Associate Judge, concur.