546 P.2d 43

The STATE of Arizona, Appellee,

v.

Clarence Eugene JONES, Appellant.

No. 1 CA–CR 1230.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 13, 1976.

See also, Ariz.App., 546 P.2d 45.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

David M. Lurie, Phoenix, for appellant.

OPINION

OGG, Judge.

After a trial by jury, appellant was convicted of armed robbery of a Circle K store on January 4, 1974. He was sentenced to not less than ten nor more than fifteen years in the Arizona State Prison. On appeal, he raises three issues.

First, whether the trial court improperly admitted evidence referring to the robbery of the same store on February 15, 1974. Second, whether appellant's confession should have been suppressed because it was obtained by means of a promise that appellant would receive assistance with his drug problem. Third, whether there was sufficient evidence to support the conviction of armed robbery.

As to the first issue, the Circle K clerk was permitted to testify that appellant robbed the same store on February 15, 1974. The same clerk was the victim of both robberies. When appellant entered the store on February 15, the clerk recognized him as the January 4 robber.

▪ ■ Ordinarily, evidence of other crimes is not permitted. However, when the identity of the perpetrator is in doubt, evidence of other crimes will be admitted if it has a logical tendency to show the identity of the defendant. *Greve v. State,* 36 Ariz. 325, 285 P. 274 (1930).

■ In the current case appellant challenged the validity of the clerk's in-court identification of him. Therefore the issue of identity was presented to the jury. Certainly other encounters with an individual, particularly when the encounter is under unusual circumstances, will make identification of that individual easier and more certain. The February 15 encounter and the nature of that encounter were therefore vital to fortify the clerk's identification at trial. See *Robinson v. United States,* 148 U.S.App.D.C. 58, 459 F.2d 847 (1972) (evidence of other narcotics purchases by an undercover police officer were held to be admissible because the number of encounters between the witness and the accused and the importance of those encounters were vital to fortify the identification of the defendant); *People v. Ellis,* 26 Ill.2d 331, 186 N.E.2d 269 (1962) (evidence of an earlier robbery of the same victim was properly admitted because the identity of the defendant was a material issue and the fact that the victim had been previously robbed weighed heavily upon his ability to identify accused); *People v. Davis,* 14 Ill.2d 196, 151 N.E.2d 308 (1958) (testimony that the defendant had robbed the victim three times previously was admissible because the identification of the witness was challenged and the fact that the witness had seen the defendant before affected the certainty of the identification); *People v. Thompson,* 406 Ill. 555, 94 N.E.2d 349 (1950); *United States v. Lewis,* 423 F.2d 457 (8th Cir. 1970) cert. den. 400 U.S. 905, 91 S.Ct. 146, 27 L.Ed.2d 142.

While the evidence was admissible on this ground alone, the prosecutor was permitted to argue to the jury that these two incidents show a "common scheme or design" on the part of appellant. This issue is treated more extensively in our opinion in appellant's other appeal (*State v. Jones,* 26 Ariz.App. 68, 546 P.2d 45, filed February 13, 1976).

For appellant's second ground on appeal, he claims that his confession should not have been admitted into evidence because it was obtained by improper promises that he would receive treatment for his drug problem. In support of this argument, appellant cites *State v. McFall,* 103 Ariz. 234, 439 P.2d 805 (1968) (which held "a confession to be free and voluntary within the meaning of the Fifth Amendment to the Constitution of the United States must not have been obtained by 'any direct or implied promise, *however slight* . . .' *Malloy v. Hogan* (1964), 378 U.S. 1 at p. 7, 84 S.Ct. 1489 at p. 1493, 12 L.Ed.2d 653.")

■ While we agree with this statement as a general principle of law, we cannot say that the trial court erred in finding that appellant's confession was not obtained by improper promises. Interrogating police officer Lash testified that he did not promise appellant anything in return for his admissions. Appellant testified that Officer Lash never directly tied his drug problem to the confession. Further, the record is not clear whether the alleged "promises" were made before or after appellant confessed. Appellant testified that the discussion about his drug problem was both before and after his confession. However, Officer Lash, although not positive, felt the discussion was after the confession. In fact, even appellant admitted that the fact that "morally I did it" contributed to his confession as well as the purported promises.

In any event, appellant did not specify any specific or implied promise that induced him to confess. Appellant's primary argument at the suppression hearing was

**68**

that Officer Lash had promised to drop the other charges against him if he confessed. Officer Lash specifically denied this allegation and the trial court admitted the confession into evidence.

Under these circumstances and in light of the factual dispute at the trial court level, we cannot say that the trial court abused its discretion in denying the motion to suppress. *United States v. Sherman,* 430 F.2d 1402 (1970) cert. den. 401 U.S. 908, 91 S.Ct. 865, 27 L.Ed.2d 805, reh. den. 401 U.S. 1015, 91 S.Ct. 1249, 28 L.Ed.2d 552; *State v. Hughes,* 104 Ariz. 535, 456 P. 2d 393 (1969).

For appellant's third ground on appeal he claims that he used a toy gun rather than a real gun in the robbery; thus, appellant argues his conviction for armed robbery must be reversed. Because we find there is substantial evidence to support the finding that appellant used a real gun, we need not decide the question of whether a toy gun may be a "deadly weapon" within the meaning of ARS § 13-643(B) (1973 Supp.).

At trial the Circle K clerk testified that she saw the chamber of the gun and it "looked like" there were bullets in it. She also stated that she believed the gun to be real. The other clerk in the store at the time of the robbery also testified that he believed the gun to be real. The only evidence that the gun was not real was appellant's statement to the interrogating police officer that he used a toy gun to perpetrate the robbery.

On appeal the evidence must be construed in the light most favorable to upholding the trial court's verdict. *State v. Harris,* 9 Ariz.App. 288, 451 P.2d 646 (1969). In light of the two witnesses' testimony that the gun was real, we feel that there is sufficient evidence to sustain the verdict in the trial court.

Judgment affirmed.

DONOFRIO, P. J., and FROEB, J., concurring.