586 P.2d 1288

**STATE of Arizona, Appellee,**

v.

**Charles Farrell HALL, Appellant.**

**No. 1 CA–CR 2344.**

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 23, 1978.

Rehearing Denied March 29, 1978.

Review Granted April 25, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

Appellant, Charles Hall, was charged by information with the armed robbery of a convenience market employee in Phoenix, Arizona on May 18, 1976. Following the denial of a defense motion to suppress certain uncounseled, incustodial statements, appellant was tried and convicted by a Maricopa County jury. A prison sentence of not less than five nor more than six years was imposed and this appeal from the conviction and sentence followed.

The primary issues on appeal are whether the trial court erroneously held that appellant's incustodial admissions were voluntary and thus properly introduced into evidence in the State's case-in-chief. The pertinent facts leading to the incriminating statements are as follows.

Appellant was arrested in the vicinity of the robbery at approximately 2:41 a. m. and was immediately given the *Miranda*[1] warnings by Officer Rascor. No incriminating statements were then made. Appellant was returned to the crime scene and identified by witnesses as the robber. At approximately 4:00 a. m., appellant was transported to the police station. At the station house, Detective Bryant again gave appellant the *Miranda* warnings. At the volun-

tariness hearing, Detective Bryant testified that appellant stated he understood his rights and further stated that he would voluntarily answer questions. Appellant then again denied committing the robbery. Detective Bryant testified that he then explained to appellant (1) that cooperation with the police investigation of the instant crime "would be to his advantage come sentencing"; (2) that if he cooperated with the police, assuming "he was involved, if he was truthful all of this would be taken into consideration by the people that handle the sentencing * * *" including the judge; (3) that if he confessed "to something that's been proven or fairly much showed [sic] * * * this would have an effect at the time of sentencing"; and (4) that he made additional similar comments to appellant. Detective Bryant then left appellant in custody and conducted additional investigation of the instant crime.

After Bryant's departure, Officer Watson interviewed appellant at approximately 4:30 a. m. after again repeating the *Miranda* warnings and ascertaining that appellant remembered them. Appellant then made certain statements that incriminated him. When Detective Bryant returned to the police station at approximately 6:50 a. m., Officer Watson told him of appellant's inculpatory statements. Officer Bryant then again interviewed appellant, re-advised him of his constitutional rights, and obtained further incriminating statements from appellant. These incustodial statements were introduced at trial and constitute the basis of appellant's claim of error.

The applicable rule of law in the instant case is as follows:

"A confession to be free and voluntary within the meaning of the Fifth Amendment to the Constitution of the United States must not have been obtained by ' "any direct or implied promises, *however slight,* * * * ." ' " *Malloy v. Hogan,* 378 U.S. 1 at p. 7, 84 S.Ct. 1489 at p. 1493, 12 L.Ed.2d 653 (1964)." (Emphasis theirs). *State v. McFall,* 103 Ariz. 234, 236, 439 P.2d 805, 807 (1968); see *State v. Jones,*

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966).

26 Ariz.App. 66, 546 P.2d 43 (1976); *State v. Flores,* 9 Ariz.App. 502, 454 P.2d 172 (1969).

Additionally, a confession cannot be said to be voluntary if it was obtained "by the exertion of any improper influence." (Emphasis Supplied). *Malloy v. Hogan,* supra, quoting *Bram v. United States,* 168 U.S. 532, 543, 18 S.Ct. 183, 187, 42 L.Ed. 568, 573 (1897). These standards are applicable to the State through the Fourteenth Amendment. *Malloy v. Hogan,* 378 U.S. at 7, 84 S.Ct. at 1492, 12 L.Ed.2d at 659 (1964).

■ The long established rule in Arizona is that confessions are prima facie involuntary and the burden is upon the State to show that the confession was freely and voluntarily made. *State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1975). The State's burden of proof in the voluntariness hearing is that of a preponderance of the evidence. *State v. Arredondo,* 111 Ariz. 141, 526 P.2d 163 (1974). The fact that the accused has been given the *Miranda* warnings is not, by itself, sufficient evidence of the voluntariness of a confession. See *State v. Dodd,* 101 Ariz. 234, 418 P.2d 571 (1966). While the trial court's determination of voluntariness will not normally be disturbed, see *State v. Edwards,* supra, the record must contain evidence from which the appellate courts can find that the State carried its burden on the voluntariness issue, *State v. Edwards,* supra, because when the voluntariness of a confession is put in issue this Court must "examine the entire record and make an independent determination of the ultimate issue of voluntariness." *Davis v. North Carolina,* 384 U.S. 737, 741–742, 86 S.Ct. 1761, 1764, 16 L.Ed.2d 895, 898 (1966); see also, *Greenwald v. Wisconsin,* 390 U.S. 519, 88 S.Ct. 1152, 1153, 20 L.Ed.2d 77, 79 (1968). Bearing these requirements in mind we have examined the entire record and find that it does not contain sufficient evidence to support the trial court's decision and thus the ruling on the voluntariness issue cannot be upheld.

■ The only evidence supporting the voluntariness determination is the fact that the *Miranda* warnings were given and the statements by Detective Bryant's conclusion that he made no promises nor offered any deals to appellant. However, Bryant's own statements to appellant, previously set out, infra, undermine the trial court's ruling and clearly establish that Bryant subjected appellant to promises, inducements and veiled threats in order to acquire the admissions.

The prohibition against using " 'any direct or implied promises, *however slight,* * * *,' " *State v. McFall,* supra, or "any improper influence," *Malloy v. Hogan,* supra, is best understood by reference to the Supreme Court of Alabama's leading decision in *Wallace v. State,* 290 Ala. 201, 275 So.2d 634, 636 (1973), where it stated:

*"Any inducement of profit or benefit held out; any hope engineered or encouraged that the prisoner's case will be lightened, meliorated, or more favorably dealt with if he will confess; either of these is enough to exclude the confession thereby superinduced. Any words spoken in the hearing of the prisoner which may, in their nature, generate fear or hope render it not only proper but necessary that a confession made within a reasonable time afterwards shall be excluded,* unless it is shown by clear and full proof that the confession was voluntarily made after all trace of hope or fear had been fully withdrawn or explained away and the mind of the prisoner made as free from fear, intimidation or hope for reward as if no attempt had ever been made to obtain such a confession." See also, *O'Tinyer v. State,* Ala.Ct.App., 342 So.2d 1343 (1977); *Harris v. State,* 195 So.2d 521 (Ala.1967). (Emphasis Supplied.)

The rationale for such a strong rule invalidating confessions resulting from a promise or threat, no matter how slight, is that "[t]he law cannot measure the strength of human fortitude or will to resist importunity, persuasion, or proffered alleviation, on the one hand, or threats, no matter how slight, on the other." *Harris v. State,* supra, quoting *Bonner v. State,* 55 Ala. 242, 246 (1876). Other jurisdictions have similar rules invalidating confessions when the slightest promise, inducement or threat is present in the record. See e. g., *Freeman v. State,* 527 S.W.2d 909 (Ark.1975); *M.D.B. v. State,* 311 So.2d 399 (Fla.Ct.App.1975);

*People v. Moore*, 24 Ill.App.3d 1034, 322 N.E. 543 (1975); *Lyter v. State*, 2 Md.App. 654, 236 A.2d 432 (1968); *People v. Pallister*, 14 Mich.App. 139, 165 N.W.2d 319 (1968); *State v. Hunter*, 456 S.W.2d 314 (Mo.1970); *State v. McDonald*, 187 Neb. 752, 194 N.W.2d 183 (1972); *State v. Rogers*, 23 N.C.App. 142, 208 S.E.2d 384 (1974). The underlying rationale of this line of cases is that a confession, unlike a guilty plea, cannot be bargained for.

The record in the instant case clearly shows that appellant twice denied his involvement in the crime prior to Officer Bryant's "explanation." Detective Bryant then, in substance, told appellant that if he was guilty, a confession would have a good effect on his sentence and his refusal to confess, if he was guilty, would have a detrimental effect. It was only after Officer Bryant's "advice" that appellant made incriminating admissions to Officer Watson and later to Bryant. It is clear from all the evidence adduced in the voluntariness hearing that the prima facie involuntariness of the confession was not rebutted; clearly, the State did not establish voluntariness by a preponderance of the evidence.

■ Advice or exhortation by a police officer to an accused to tell the truth, unaccompanied by threats or inducements, does not render a subsequent confession involuntary. See e. g., *People v. Hill*, 66 Cal.2d 536, 426 P.2d 908, 58 Cal.Rptr. 340 (1967). Where no specific representations are made by the police but the defendant is merely "under the impression" that he was promised something as a result of his inquiry about possible sentences, involuntariness does not result. See *State v. Jordan*, 114 Ariz. 452, 561 P.2d 1224 (1976). However, where a policeman makes unsolicited statements to an accused about the probable effect of his confession, or failure to make one, on his sentence if he is ultimately found guilty of the suspected crime, such statement by the officer cannot be fairly viewed as other than an implied promise or veiled threat, respectively. The instant statements by Detective Bryant, no matter how minor they may have been viewed by the trial court, invalidated appellant's uncounseled incustodial incriminating admis-

sions. See *State v. McFall*, supra; *State v. Edwards*, supra. As previously noted, confessions are not to be bargained for by the State and the defendant.

Having found appellant's admissions involuntary as a product of threats and promises, the introduction of appellant's incustodial admissions through the testimony of the interrogating police officers cannot be said to be harmless error. See *Haynes v. Washington*, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); *Lynumn v. Illinois*, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); *Culombe v. Connecticut*, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958); *Malinski v. New York*, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945); *Lyons v. Oklahoma*, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481 (1944); *Bram v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897).

■ Appellant argues that there was insufficient evidence introduced at trial to support the jury verdict of robbery committed with a gun since the testimony at trial showed that the pistol was inoperable when later discovered after the robbery. There was no testimony as to whether the pistol was operable at the time of the crime but the evidence clearly established that a gun was used in the perpetration of the crime. Our Supreme Court in *State v. Alexander*, 108 Ariz. 556, 567, 503 P.2d 777, 788 (1972), interpreted A.R.S. §§ 13–641 and 13–643 not to require proof that the gun used in a robbery was loaded at the time the offense was committed. We think that the *Alexander* rule also encompasses the situation where the pistol is allegedly inoperable because:

"It is the mere brandishing of a firearm or other deadly weapon which puts a robbery victim in fear for his life and which usually allows a robber to perpetrate his crime with the victim justifiably not even attempting to interfere." *State v. Alexander*, 108 Ariz. at 567, 503 P.2d at 788.

Appellant's reliance on *State v. Lockner*, 20 Ariz.App. 367, 513 P.2d 374 (1973), and *State v. Gregory*, 108 Ariz. 445, 501 P.2d 387 (1972), is misplaced as those decisions deal

with A.R.S. §§ 13–242 and 13–249 which have elements different than the one with which appellant was convicted.

■ Appellant claims that the trial court committed reversible error in its instructions to the jury. We note that appellant failed to timely object or present other instructions covering this issue prior to the submission of the case to the jury. We do not find any fundamental error in the instructions, taken as a whole, and appellant's failure to preserve the alleged error constituted a waiver of this issue on appeal. See 17 A.R.S., Rules of Criminal Procedure, rule 21.3(c); *State v. Wilson*, 113 Ariz. 308, 553 P.2d 235 (1976).

The judgment and sentence are reversed.

SCHROEDER, J., concur.

OGG, Judge, dissenting:

I must respectfully dissent. The record from the voluntariness hearing shows both officers involved in the interrogation of the defendant deny making any promises to induce defendant to make his statements. The defendant did not testify at the hearing.

The statements of Detective Bryant which purportedly require a reversal appear only to encourage the defendant to tell the truth with the encouragement that if he cooperates with the police he probably can expect better treatment at the time of sentencing.

Before an Arizona appellate court will disturb the trial court's finding of voluntariness the record must show the trial court clearly and manifestly erred in finding the confession was freely and voluntarily given. *State v. Cobb*, 115 Ariz. 484, 566 P.2d 285 (1977). The court must look to the totality of the circumstances to determine if the defendant's will was overborne and his capacity for decision diminished. *State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977); *State v. Edwards*, 111 Ariz. 357, 529 P.2d 1174 (1974). In *Cobb* the Arizona Supreme Court refused to set aside the trial court's determination that a confession was voluntary when the confession was obtained after a seven hour interrogation in the middle of the night and the police had lied to the

defendant about finding his fingerprints in the victim's home.

In this case, the trial court found the defendant had been advised of his *Miranda* rights at least three times and that there had been no promises or deals made to induce the defendant to make his confession.

I cannot say from the totality of the circumstances that the defendant's will was overborne and that his capacity for decision was so diminished that it was manifest error for the trial court to allow defendant's statements to be admitted into evidence.

I would therefore affirm the conviction and sentence.