PER CURIAM.
The issue in this case is whether the defendant’s confession should be suppressed because he received promises that, in return for his cooperation concerning other crimes, he would not be charged with those crimes. We reverse.
A defendant is entitled to suppression of a confession which is induced by a direct or implied benefit. Rivera v. State, 547 So.2d 140 (Fla. 4th DCA1989), rev. denied, 558 So.2d 19 (Fla.1990). Although the officer who took the defendant’s confession made no such promises, he conceded that his superior, a lieutenant, may have made such promises, as the defendant insisted he did. The defendant’s version of those events was not refuted. Thus, the state failed to carry its burden of proof that the confession was freely and voluntarily made. See M.D.B. v. State, 311 So.2d 399 (Fla. 4th DCA1975) (confession was held invalid where it was undisputed that officers promised juvenile that he would not be charged with other offenses if he confessed).
REVERSED.
GLICKSTEIN and GUNTHER, JJ., and WALDEN, JAMES H., Senior Judge, concur.