586 P.2d 1266

**STATE of Arizona, Appellee,**

v.

**Charles Farrell HALL, Appellant.**

**No. 4239–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 18, 1978.

Rehearing Denied Nov. 21, 1978.

Bruce E. Babbitt, former Atty. Gen., John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This is an appeal by Charles Farrell Hall from his conviction and sentencing under A.R.S. §§ 13–641 and 13–643(B) for robbery committed while armed with a gun. We affirm. The opinion of the Court of Appeals, 120 Ariz. 476, 586 P.2d 1288 (App. 1978) is vacated.

The first issue before us is whether a confession by Hall was voluntary and thus admissible at trial.

At the outset of Hall's trial, the state asked for a voluntariness hearing to determine the admissibility of a confession made by Hall to a police officer. Testimony at the hearing established the facts necessary for a determination of this issue.

Following his arrest, at 2:41 A.M., Hall was given the *Miranda* warnings. He was then returned to the scene of the crime where he was identified by the robbery victim. Subsequently, he was transported to the station. There, at about 3:45 A.M., he was again given the *Miranda* warnings and interviewed by Officer Watson. He denied involvement in the robbery. At about 4:53 A.M., Detective Bryant gave Hall the *Miranda* warnings and interviewed him. Hall again denied involvement. Several statements made by Detective Bryant at this time form the basis of Hall's argument that his subsequent confession was involuntary. The statements contained the following ideas: if Hall cooperated with the police and confessed, "it would possibly have an effect on the sentencing"; and if he were truthful and cooperated, "all this is taken into consideration normally when the judge and the presentence investigator determine the sentencing. . . . They notify us and ask us our opinion."

However, the detective also told Hall that armed robbery was punishable by "five to life" and carried a five-year mandatory sentence. He also told Hall that no deals would be made because of the serious nature of the offense. Detective Bryant then left. At about 5:00 A.M., Officer Watson returned. After giving Hall the *Miranda* warnings once more and after Hall indicated he understood his constitutional rights, the officer again began to question Hall. He again denied involvement. The interview then focused on the gun thrown away by Hall after the robbery. After the officer voiced his concern that a child might find the gun and hurt himself, Hall said, "the gun didn't have any bullets." He stopped a minute and said, "[w]ell, you got me anyway." He then confessed his commission of the robbery. Officer Watson

then informed Detective Bryant that Hall had changed his mind and had made a partial statement. Detective Bryant then talked with Hall again and received a complete statement. The interview terminated at about 6:50 A.M. Based on all these facts, the trial court found that there had been no inducements in obtaining the confession and that Hall had given the statements voluntarily, knowingly and intelligently.

In Arizona, confessions are prima facie involuntary and the burden is on the state to show they are voluntary. *State v. Arnett,* 119 Ariz. 38, 579 P.2d 542 (1978). Such showing must be by a preponderance of the evidence. *State v. Knapp,* 114 Ariz. 531, 562 P.2d 704 (1977). Once the trial court finds that the confession is voluntary, such finding will not be upset on appeal absent clear and manifest error. *State v. Jordan,* 114 Ariz. 452, 561 P.2d 1224 (1976). We find no such clear and manifest error.

In determining the voluntariness of a confession, the trial court must look to the totality of the circumstances surrounding the confession and decide whether the will of the defendant has been overborne. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Knapp,* 114 Ariz. 531, 562 P.2d 704 (1977). The circumstances of this case support the trial court's finding that the confession was voluntary.

The record shows that Hall was given the *Miranda* warnings four times and that he indicated he understood them. It shows that he voluntarily submitted to interrogation. It shows that the period of actual interrogation was less than three hours and was not continuous during that period. When he confessed he had been in custody for only about four hours. He repeatedly denied involvement in the crime even though he had been personally identified by the clerk he had robbed. Even after the conversation with Detective Bryant, during which the alleged promises were made, he still refused to admit any involvement. Only later, in the presence of another officer, did he decide to talk. When he decided to talk, his statement was in response to the

officer's concern for a youth who might find the gun and be hurt by it. He did not complain of any physical deprivations of any kind nor did he ask that interrogation cease.

The only facts in the record which even tend to show the confession was involuntary are the alleged promises made by Detective Bryant that: if Hall were "truthful," and cooperated, "all this is taken into consideration normally when the judge and the pre-sentence investigator determine the sentence . . . . They notify us and ask us our opinion"; and if he cooperated with the police and confessed "it would probably have an effect on the sentencing." Each of these statements, when taken out of context, might appear to be a promise that a confession will in fact reduce the possible future sentence.

Recently, in *Hutto v. Ross*, 429 U.S. 28, 30, 97 S.Ct. 202, 203, 50 L.Ed. 194, 197 (1976), the United States Supreme Court reaffirmed its prior holdings that a confession " 'obtained by any direct or implied promises, however slight,' " is involuntary. Hall relies on this holding to argue that his confession was therefore involuntary. However, there are two flaws in his argument.

█ First, all questions involved in determining whether a confession is voluntary are for the trial court. A.R.S. § 13–1599. This includes the question whether a promise was made and if so whether the confession was the result of that promise. In this case, the trial court made a finding that, based on the totality of the circumstances, no promise had been made. We will not disturb this finding in the absence of clear and manifest error. *State v. Jordan*, 114 Ariz. 452, 561 P.2d 1224 (1976). It appears to us that there is adequate evidence in the record to show that no promises were made especially in light of the other contemporaneous statements by Detective Bryant that there was a five-year mandatory sentence and that *no deals* could be made in light of the seriousness of the offense. We find no clear and manifest error on this point.

█ Second, even if a promise were in fact made, Hall must have relied on the promise when making the confession. *Id.* at 455, 561 P.2d at 1227 (1976).

The record contains sufficient evidence on which the trial court could find that the confession was not made in reliance on the alleged promises. For example, the record shows that Hall refused to make a statement following the alleged promises until later when interviewed by another officer. It also shows that he confessed when Officer Watson changed the subject of his questioning by expressing his concern for a child who might find the gun. Again, we find that there was sufficient evidence in the record to sustain the trial court's conclusion that the confession was not the result of inducements by the state. There is no clear and manifest error present.

The next issue raised by Hall is that he was improperly convicted of robbery while armed with a gun since the state did not prove at trial that the gun used in the robbery was operable. In *State v. Alexander*, 108 Ariz. 556, 567, 503 P.2d 777, 788 (1972), this court held that a conviction for robbery while armed with a gun required proof only that a gun was under the immediate control of the defendant and available for use in the crime. We held that a gun need not be loaded in order to have the effect that the statute intended to avoid, *i. e.*, the causing in the robbery victim of fear for his life.

█ An inoperable gun is just as likely to cause this fear in the victim as is an unloaded gun. We see no reason to make a distinction. We therefore hold that the offense of robbery while armed with a gun has been committed if the offender has a gun, whether or not loaded or operable, under his immediate control and available for use in the crime.

█ Finally, Hall argues that the trial court erred in failing to instruct the jury that the gun must have been operable at the time of the crime in order to find him guilty of robbery while armed with a gun. Our holding above, that the gun need not be operable in order for the act to constitute robbery while armed with a gun, precludes the use of such an instruction. We therefore conclude, as a matter of law, that

**458**

the instructions for robbery while armed with a gun need not instruct the jurors that they must find the gun was operable.

The judgment and sentence of the Superior Court are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, J., concur.