714 P.2d 423

**The STATE of Arizona, Appellee,**

**v.**

**Isiac THOMAS, Appellant.**

**No. 2 CA–CR 3504.**

Court of Appeals of Arizona,
Division 2, Department A.

April 17, 1985.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Frederic J. Dardis, Pima Co. Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was indicted as follows: count one, child molestation during January 1980; count two, child molestation during December 1981 and September 1982 (dismissed prior to trial); count three, sexual conduct with a minor under 18 during 1982 and count four, sexual conduct with a minor under 18 during February and March 1983. The state alleged the counts as prior convictions for each other. After a jury found appellant guilty on the three counts, the trial court held that the determination that the counts were priors for each other was implicit in the verdict even though no interrogatory was ever submitted to the jury on the issue.

Appellant was sentenced to the presumptive term of seven years on count one, to the presumptive term of two years, three months on count three and to the presumptive term of three years, nine months on count four. The court ordered the sentences to run consecutively.

The appellant asks that we reverse because 1) the appellant's statement to the police should have been suppressed, and 2) the court improperly admitted evidence from a witness concerning lost letters allegedly written by appellant to the alleged victim. The appellant also claims that the matter should be remanded for re-sentencing because the court failed to submit interrogatories to the jury as to the prior conviction allegations, and because the court improperly considered appellant's continuing denial of guilt in determining the sentence.

This case involves in-house molestations by the appellant of his adopted daughter, who was between 13 and 16 at the time. Since the acts took place secretly, the case revolved around whether the girl or the appellant should be believed. The girl's mother met the appellant (a career military man) while he was stationed in England. The mother had three children, a son, age 14 at the time of trial, another daughter, age 16 at the time of trial and the victim, age 17 at the time of trial. The victim was eight when the mother and appellant started dating and 12 when they were married.

The victim testified that appellant began molesting (fondling) her while the family was still in England, and after the family moved to Tucson, the fondling escalated into oral sex and intercourse. The family had many problems, among them that the

victim and her sister frequently ditched school and forged appellant's name on absence excuses to the school. When appellant learned about the victim's relationship with a 20-year-old boyfriend, appellant refused to allow her to leave the house. Finally both daughters were withdrawn from school, and approximately one month later, the victim told one of her teachers about the sexual abuse which led to the charges herein.

The victim testified that she gave another boyfriend, Shawn, some letters written by appellant to her. Shawn, over objection, was allowed to testify that he had read the letters and they indicated that appellant would do anything to win the victim over and that he wanted to teach her discipline. Appellant denied writing the letters. Shawn testified the letters had been lost, and they were never introduced into evidence.

### Appellant's Statement to the Police

■ After the appellant was arrested he was taken to the police station and, after he was advised of and waived his *Miranda* rights, he indicated to the detective that the victim was not lying about the charges against him. The appellant claims that the court below erred in not suppressing the statement because of a prior conversation he had with the detective concerning the Parents United program. The detective described the program to appellant as an alternative to the usual treatment of molesters. He testified he may have told the appellant that a confession was required to qualify for the program. He also testified no promises were made, and he stated that he emphasized that ultimate disposition was up to the judge. Appellant testified he knew no promises were being made and that the officer told him the charges could prohibit him from retiring from the Air Force and would result in a mandatory prison term.

It is clear that a statement is not free and voluntary if it is "obtained by any direct or implied promises, however slight." *Malloy v. Hogan,* 378 U.S. 1 at 7, 84 S.Ct.

1489 at 1493, 12 L.Ed.2d 653 at 659 (1964). In order for a confession or statement to be found involuntary as the result of a promise, two requirements must be met: (1) there must actually be a promise, and (2) the promise must be relied on by the defendant in making the confession or statement. *State v. Hall,* 120 Ariz. 454, 586 P.2d 1266 (1978); *State v. Steelman,* 120 Ariz. 301, 585 P.2d 1213 (1978). In discussing any treatment program, officers must be careful not to mislead a defendant or make any promises in connection with final disposition since that is solely for the trial judge to determine.

■ In this case it is clear that no promise was made, and appellant conceded that in his testimony at the suppression hearing. Also, there was no showing that the appellant relied on the information given him about the Parents United program in deciding to make a statement. We believe the state has met its burden in showing the statement was voluntary. *State v. Hall,* supra.

### Testimony About Letters

During her direct testimony, the victim claimed she gave her boyfriend Shawn four letters written by the appellant to her. Shawn testified he kept them in a suitcase but apparently later threw them away, and they were not introduced at the trial. Over objection he testified that he "kind of glimpsed through" them and remembered one part where it said "he (appellant) would do anything he [could] to win her over" and that "he wanted to teach her discipline." Appellant contends this testimony was hearsay and that, since the letters were the best evidence of their contents, the testimony from Shawn was inadmissible.

■ The victim, without objection, had previously testified about the letters and their contents, so the evidence was already before the jury. The statements were not hearsay. Rule 801(d)(2)(A), Rules of Evidence, 17A A.R.S. Appellant contends that this testimony is a violation of *State v. Cruz,* 128 Ariz. 538, 627 P.2d 689 (1981).

We have considered the factors set forth in *State v. Allred*, 134 Ariz. 274, 277, 655 P.2d 1326, 1329 (1982) for determining the danger of unfair prejudice when such testimony is used for substantive purposes. Those factors have not been met by the facts in this case. As to the best evidence objection, Rule 1004(1), Rules of Evidence, 17A A.R.S., permits other evidence of the contents of a writing when the original has been lost or destroyed. Since issues were raised as to whether the writing had ever existed and whether the other evidence of their contents was correct, the trier of fact was properly permitted to determine those issues. Rule 1008, Rules of Evidence, 17A A.R.S. We therefore find no error in the admission of this evidence.

### Failure to Submit Special Interrogatories

 During the course of the trial, the judge advised counsel of his intention not to submit special interrogatories as to the prior conviction allegations because the charges were being tried together as priors one to the other. No objection was raised by appellant at any time to this procedure. Our supreme court has ruled that no separate jury finding is necessary on an allegation of dangerous nature where the dangerousness of the offense was determined by the conviction on the charge. See *State v. Barrett*, 132 Ariz. 88, 644 P.2d 242 (1982) and *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980). The same reasoning is applicable here, especially since the charges clearly allege the priors at separate times and since the jury finding is clear as to the time periods. This procedure was approved in *State v. Alder*, 146 Ariz. 125, 704 P.2d 255 (1985).

### Court's Comments at Sentencing

 Lastly the appellant contends that because the trial judge at the time of sentencing commented on appellant's denial of guilt he held that against him in imposing consecutive terms contrary to the mandates of *State v. Carriger*, 143 Ariz. 142, 162, 692 P.2d 991, 1011 (1984), in which the court said: "A defendant is guilty when convicted and if he chooses not to publicly admit his guilt, that is irrelevant to a sentencing determination."

We have reviewed the trial court's comments and find that the remarks were made in connection with the court's statement that it had no discretion to put appellant on probation. The stated reason for the consecutive sentencing was because of the terrible effect the crimes had on the victim. That reason is not objectionable. We find no error in sentencing.

Affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.