941 P.2d 912

**STATE of Arizona, Appellee,**

v.

**Leonard Arthur REIMER, Appellant.**

**No. 1 CA–CR 95–0191.**

Court of Appeals of Arizona,
Division 1, Department C.

July 1, 1997.

Grant Woods, the Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Ginger Jarvis, Assistant Attorney General, Phoenix, for Appellee.

Gail Gianasi Natale, Phoenix, for Appellant.

Leonard Arthur Reimer, Fort Grant, In Propria Persona.

**OPINION**

FIDEL, Presiding Judge.

This originated as an *Anders* appeal.[1] After reviewing the record, we ordered counsel to brief whether the trial court erred when it permitted Officer Marcus Brown to express opinions concerning (1) the veracity of Appellant's wife's prior out-of-court statements and (2) the effects of alcohol consumption on an alcoholic. For reasons that follow, we reverse and remand.

On October 13, 1994, Glendale police responded to a "check-welfare call" involving Appellant Leonard Arthur Reimer and his wife, S.R. Upon arrival, Officer Brown and other Glendale police found the couple's apartment in disarray and S.R. covered with blood and wounds. Paramedics took her to a hospital, where physicians treated her injuries. Hospital tests revealed that she had a .342 blood alcohol content.

---

1.  *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Appellant was charged with two counts of aggravated assault, class three dangerous felonies, and one count of kidnapping, a class two dangerous felony. The first count of aggravated assault charged Appellant with using the butt of a shotgun to intentionally, knowingly, or recklessly cause physical injury to S.R. The second count charged him with using a shotgun to intentionally place S.R. in reasonable apprehension of imminent physical injury. Following a four-day trial, a jury found Appellant guilty of both counts of aggravated assault, but not guilty of kidnapping. The court sentenced Appellant to two concurrent, mitigated five-year prison terms.

### I.

■ Appellant first argues that the trial court abused its discretion when it permitted Officer Brown to express the opinion that S.R. truthfully described Appellant's conduct in an out-of-court statement to the police. We agree.

What S.R. reported to the police differed from her eventual account at trial. According to Officer Brown, on the night of the assault, S.R. told the police that Appellant pointed a shotgun at her, threatened to kill her, and hit her with the butt of the shotgun. At trial, S.R. testified that Appellant showed her the shotgun but not that he pointed it at her. S.R. further testified that Appellant said she did not deserve to live, but she denied that he threatened to kill her or that he hit her with the butt of the gun. S.R. explained these inconsistencies by claiming that she spoke to the police while "under distress."

On further examination of Officer Brown, the State asked him to comment on the truthfulness of S.R.'s statements to him:

Q. Based on your years of training and experience with responding to calls, do you have any reason to believe that [S.R.] was lying to you on the evening of October 13th, 1994?

When Appellant's counsel objected, the trial court asked the State to lay foundation, and the State responded by qualifying Officer Brown as experienced in determining whether persons were being truthful or not:

Q: Officer, do you have any experience in detecting whether or not someone is being credible with you when you talk to them?

A: Yes.

. . . .

Q: What experience do you have?

A: Basically what we call street knowledge. Also, we get trained on investigation scales, on what people do when ... they're not being truthful with you, a lot of their physical movements that they make, how they'll conduct themselves, how they won't make eye contact with you. . . .

I have been a patrol officer for five years, and I have talked to many, many people. And I know when somebody is being truthful with me and when somebody is not being truthful with you.

After laying this foundation, the State was permitted over defense counsel's continuing objection to elicit the following opinion from Officer Brown:

Q: Based on your personal knowledge and experience, do you believe [S.R.] was lying to you about what happened to her on October 12th and 13th?

. . . .

A: I believe she was telling the truth.

The parties dispute whether Officer Brown rendered an expert opinion based on learning and experience pursuant to Rule 702 of the Arizona Rules of Evidence, or a lay opinion based on observation pursuant to Rule 701 of the Arizona Rules of Evidence. The State's argument that he testified merely as a lay witness rings hollow, however, as the State expressly undertook to meet the trial court's call for foundation by establishing Officer Brown as a person qualified by training and experience to distinguish people who are telling the truth from people who are lying.

Moreover, even if Officer Brown had offered only a lay opinion, his opinion would not have been admissible. Rule 702 allows expert testimony only if the expert possesses "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 701 similarly permits only lay opinions that are "rationally based

on the perception of the witness and ... helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Neither rule permits testimony such as that of Officer Brown because Arizona courts have expressly determined that neither expert nor lay witnesses assist the trier of fact to understand the evidence or to determine a fact in issue when they merely opine on the truthfulness of a statement by another witness. *See, e.g., State v. Lindsey,* 149 Ariz. 472, 474, 720 P.2d 73, 75 (1986); *State v. Moran,* 151 Ariz. 378, 382, 728 P.2d 248, 252 (1986); *State v. Schroeder,* 167 Ariz. 47, 50, 804 P.2d 776, 778 (App.1990); *accord State v. Tucker,* 165 Ariz. 340, 346–48, 798 P.2d 1349, 1355–57 (App.1990). Such opinions are rejected because they are "nothing more than advice to jurors on how to decide the case." *Moran,* 151 Ariz. at 383, 728 P.2d at 253; *see also Lindsey,* 149 Ariz. at 476, 720 P.2d at 77; *Schroeder,* 167 Ariz. at 50, 804 P.2d at 778.[2]

Although *Lindsey* and *Moran* both concerned witnesses tendered as experts, we extended the same rule to lay opinion testimony in *Schroeder.* In *Schroeder,* an investigating officer opined on the credibility of a sexual abuse victim to bolster the victim's prior consistent statements of alleged abuse. 167 Ariz. at 49, 804 P.2d at 778. Applying the *Lindsey–Moran* rule, we found the testimony improper. *Id.* at 51, 804 P.2d at 780. We ruled it harmless error, however, because the officer made only a single reference to the victim's credibility, because she testified in her capacity as the investigating officer, and, most significantly, because the court promptly excluded the testimony from evidence, admonished the jury to "disregard completely" the question and answer, and instructed the jury that "[t]he issue of credibility of a witness is solely and completely an issue for the jury." *Id.* at 49–50, 804 P.2d at 777–78.

Here, Officer Brown was not presented merely as an investigating officer offering a lay observation. Rather, in response to the trial court's request for foundation, the State qualified him as an expert with extensive experience in distinguishing truthful from untruthful witnesses. Further, the trial court did not strike the testimony and admonish the jury to disregard it as in *Schroeder.* Instead, the trial court admitted the testimony into evidence, merely reminding the jury that it was obliged "to evaluate the witnesses and the basis for their testimony."

By approving Officer Brown's foundation as an expert in truth-telling and by permitting him to opine on the truthfulness of S.R.'s out-of-court statement, the trial court clearly abused its discretion under the controlling case law of this state.

## II.

The State alternatively argues that, even if the trial court abused its discretion in permitting Officer Brown to express an opinion on the truthfulness of S.R.'s out-of-court statement, the error was harmless because S.R. testified at trial, the court adequately cautioned the jury that its role was to determine the credibility of witnesses, and Appellant's *voir dire* examination sufficiently revealed Officer Brown's lack of formal training on this point. We disagree.

■ An error is harmless if, beyond a reasonable doubt, it did not contribute to or affect the jury's verdict. *Delaware v. Van Arsdall,* 475 U.S. 673, 681–84, 106 S.Ct. 1431, 1436–38, 89 L.Ed.2d 674 (1986); *State v. Medina,* 178 Ariz. 570, 577, 875 P.2d 803, 810 (1994).

■ Appellant was convicted of two counts of aggravated assault, class three dangerous felonies. Both charges alleged the use of a dangerous weapon—Appellant's shotgun. Count one alleged that he struck S.R. with the butt of his shotgun; count two alleged that he used the shotgun to intentionally place S.R. in reasonable apprehension of im-

---

**2.** In *Moran* and *Schroeder,* the offending testimony, like the testimony here, concerned the credibility of an out-of-court statement. *See Moran,* 151 Ariz. at 382, 728 P.2d at 252; *Schroeder,* 167 Ariz. at 49, 804 P.2d at 778; *see also State v. Keller,* 315 Or. 273, 844 P.2d 195, 201 (1993)(similar rule applies "whether the witness is testifying about the credibility of the other witness in relation to the latter's testimony at trial or is testifying about the credibility of the other witness in relation to statements made by the latter on some other occasion.").

minent physical injury. The essential evidence on both charges was S.R.'s out-of-court statement as presented by Officer Brown.

Officer Brown testified that S.R. told him on the night of her injuries that Appellant pointed a shotgun at her, threatened to kill her, and hit her with the butt of the gun. S.R. testified that Appellant neither pointed the shotgun at her, nor threatened her life, nor hit her with the butt of his gun. Because the outcome depended on the credibility of S.R.'s statement to Officer Brown, we cannot conclude beyond a reasonable doubt that his assessment of her veracity did not influence or affect the jury's verdict. *See Moran*, 151 Ariz. at 382, 728 P.2d at 252 ("The danger of prejudice may be heightened when, as here, the state's case rests entirely on extra-judicial statements."). The trial court's admission of Officer Brown's credibility testimony constitutes reversible error.

### III.

Appellant next argues that the trial court erred when it allowed Officer Brown to testify concerning the effects of alcohol consumption on an alcoholic. Over defense counsel's objection, the trial court allowed Officer Brown to characterize the attributes of an alcoholic in the following opinion:

> If somebody is an alcoholic, they need a certain level of alcohol in their system to function normal, just as somebody that does drugs, narcotic drugs. So to us, when we hear, say, a .34, where we think that's high, that's very normal. That's just a standard normal line of functioning in life for an alcoholic.

Because we reverse on other grounds, we need not decide whether the trial court committed reversible error in permitting this testimony. For purposes of remand, however, we note that, while Officer Brown established his expertise in discerning signs of alcohol consumption, he did not discuss his training or expertise in understanding the effects of alcohol on an alcoholic.

For the foregoing reasons, we reverse and remand for further proceedings.

SULT and LANKFORD, JJ., concur.