NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LARRY JAMES RADY, JR., *Appellant*.

No. 1 CA-CR 20-0118
FILED 1-26-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-144942-001
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David R. Cole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

_____

**W I L L I A M S**, Judge:

¶1        Larry James Rady, Jr. appeals his conviction and sentence for misconduct involving weapons. Because Rady has shown no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In July 2018, Rady was shot in the leg. While at the hospital receiving treatment for his wound, Rady was interviewed by the police. Rady told police officers he was shot by an unknown subject while smoking a cigarette on his back porch. Officers were dispatched to Rady's residence and, shortly after arrival, they encountered Rady's roommate, Cynthia Flagg. Flagg told the officers Rady shot himself and described Rady as her "boyfriend." Two days after the shooting, Rady contradicted his initial statement and told police the shooting occurred when he was moving a safe and a gun fell out, hit the floor, and discharged.

¶3        At the time of the shooting, Rady was on probation for a prior felony conviction and was prohibited from possessing firearms. The state charged Rady with two counts of misconduct involving weapons occurring on different dates, both Class 4 felonies ("Count One" and "Count Three"); and unlawful discharge of a firearm, a Class 6 felony, ("Count Two"). Rady entered a plea agreement, resolving Counts Two and Three, but proceeded to trial on Count One.

¶4        At trial, the state was required to prove beyond a reasonable doubt Rady knowingly possessed a deadly weapon while classified as a prohibited possessor. A.R.S. § 13-3102(A)(4).

¶5        Rady's probation officer, Kimberly Peterson, testified she visited Rady's home twice between May and June of 2018. When asked by the prosecutor which room was Rady's, Peterson responded she believed Rady and Flagg shared a bedroom. The prosecutor then asked Peterson whether, based on her observations, she believed Rady and Flagg to be boyfriend and girlfriend. Defense counsel objected on the grounds that the

question called for speculation. The trial court overruled the objection, and Peterson testified it appeared that Rady and Flagg were in a romantic relationship.

**¶6** Flagg testified she did not recall telling police that Rady was her boyfriend or that he had shot himself. Instead, Flagg denied that Rady was her boyfriend and testified that she accidentally shot Rady while attempting to remove the gun from a safe in her room. Flagg maintained she did not share her bedroom with Rady.

**¶7** The jury found Rady guilty as charged and the trial court sentenced him to a presumptive ten-year prison term. Rady timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8** Rady presents only one issue on appeal, contending the trial court committed reversible error by allowing Peterson to testify she believed Rady and Flagg shared a bedroom and were romantically involved. Rady argues such testimony called for speculation and constituted improper opinion testimony.

**¶9** It is well established that decisions regarding the admission or exclusion of evidence are left to the sound discretion of the trial court and will be reversed on appeal only when they constitute a clear and prejudicial abuse of the court's discretion. *State v. Ayala*, 178 Ariz. 385, 387 (App. 1994). To grant Rady the relief he requests, we must conclude the trial court abused its discretion, and that Rady was prejudiced "sufficient to create a reasonable doubt about whether the verdict might have been different had the error not [occurred]." *Id.*[1]

**¶10** Relying only on *State v. Reimer*, 189 Ariz. 239 (App. 1997) to support his argument that Peterson's testimony requires us to overturn the conviction, Rady has failed to show how the court abused its discretion. In *Reimer*, this court concluded the trial court abused its discretion when it admitted into evidence a police officer's opinion testimony on the truthfulness of another witness' statements. 189 Ariz. at

---

[1] The state seemingly concedes Rady's contention that Peterson's testimony called for speculation. We disagree. *State v. Solis*, 236 Ariz. 242, 249, ¶ 23 (App. 2014) (appellate court is not bound by the state's concession of error).

241 (noting that the Arizona Rules of Evidence do not permit an expert or lay witness to opine on the truthfulness of a statement made by another witness as it usurps the function of the jury to determine the credibility of the witness). Here, while Peterson's testimony contradicted that of Flagg, she did not opine on the truthfulness of the statements made by Flagg. *Reimer* is inapplicable.

¶11 Furthermore, lay witnesses, such a Peterson, may testify to relevant evidence and may provide inferences or opinions which are rationally based on the perceptions of the witness and helpful in understanding the witness' testimony or determining a fact in issue. Ariz. R. Evid. 701; *Ayala*, 178 Ariz. at 387; *see also United States v. Freeman*, 619 F.2d 1112, 1120 (5th Cir. 1980) (finding witnesses' testimony about their "'impression' and 'understanding' of appellants' relationship to each other" was admissible lay opinion testimony). How much weight to give Peterson's testimony, including whether to accept it as credible, was within the province of the jury. *See State v. Boggs*, 218 Ariz. 325, 335, ¶ 39 (2008) ("Determining veracity and credibility lies within the province of the jury . . . ."); *see also Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12 (2000) ("The credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the jury.") (quoting *Kuhnke v. Textron, Inc.*, 140 Ariz. 587, 591 (App. 1984)).

¶12 Because Peterson's testimony was rationally based upon her perceptions and helpful in determining a fact in issue, the court did not abuse its discretion in allowing the testimony.

## CONCLUSION

¶13 Because Rady has shown no error, his conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4